(70 Misc. Rep. 492.)

### CLARKE v. MILLIKEN et al.

(Supreme Court, Appellate Term. January 28, 1911.)

1. BANKRUPTCY (§ 426*)—DEBTS DISCHARGED.

Where plaintiff deposited a check with a firm of bankers and brokers, giving them an order to purchase certain stock for him, to be paid for in full when purchased, and the firm collected the check and credited plaintiff with the amount, as it was intended should be done, there was no conversion either of the check or of the proceeds, and any liability therefor was dischargeable in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 426.*]

2. BANKRUPTCY (§ 426*)—DISCHARGE—DEBT IN "FIDUCIARY CAPACITY."

While the relation between a broker and his customer is of a fiduciary character, the acceptance of money by a broker, to be applied in buying stock for a customer, is not the contracting of a debt while acting in a "fiduciary capacity," within Bankr. Act July 1, 1898, c. 541, § 17, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), forbidding the discharge of certain debts contracted by the bankrupt while acting in such capacity.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 426.*

For other definitions, see Words and Phrases, vol. 3, pp. 2756–2760; vol. 8, p. 7663.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Frederick H. Clarke against Earle Milliken, impleaded with another. Judgment for defendant named, and plaintiff appeals. Affirmed.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Edwin R. Leavitt, for appellant.

Alexander & Green (W. C. Prime and W. W. Lancaster, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GIEGERICH, J. The plaintiff alleged that on a day named he deposited the sum of $100 with the defendants as his fiduciary agents; that he had later demanded its return; that the defendants had failed to return it, but had wrongfully misappropriated and converted that sum to their own use; and judgment was demanded for the said sum, with interest from the time of demand. The answer pleaded a discharge in bankruptcy.

At the trial the plaintiff proved that he deposited a check for the sum of $100 with the defendants, who were bankers and brokers, at the same time giving them an order to purchase certain stock for him at a limited price, which stock he said he would take up and pay for in full as soon as purchased. Plaintiff further proved that before any purchase had been made he countermanded the order and requested the return of his money, and that it had not been returned.

The defendant Earle Milliken, who alone appeared and defended, proved a discharge in bankruptcy and that the debt to the plaintiff had been duly scheduled. The court below held that the liability of the defendants was thereby discharged, and whether or not this ruling was right is the only question in the case. The plaintiff claims that by failing to return the amount of the deposit the defendants became chargeable with the conversion of the money, and that they therefore come within the principle of the decision in Kavanaugh v. McIntyre, 128 App. Div. 722, 112 N. Y. Supp. 987, where it was held that the liability of stockbrokers, who converted stock of their customer under such circumstances that the conversion amounted to larceny, was not dischargeable in bankruptcy.

The present case, however, bears no similarity to the case cited. If the defendants here had purchased the stock for which the plaintiff gave his order, and had thereafter wrongfully disposed of it, they would doubtless have been chargeable in an action to recover damages for its conversion, even though it had been purchased on margin and had not been fully paid for by the plaintiff. Mullen v. Quinlan, 195 N. Y. 109, 87 N. E. 1078, 24 L. R. A. (N. S.) 511. The stock in that case would have belonged to the plaintiff, and the defendants would have been merely pledgees thereof. Id. But in the case at bar there was clearly no conversion, either of the check or of the proceeds; not of the check, because it was used in precisely the way in which it was intended to be used—i. e., it was collected, and the plaintiff was credited with the amount for which it was drawn; nor of the proceeds of the check, because it is obvious that its proceeds were intended to become the property of the defendants, for which the plaintiff was to have credit, and the plaintiff received such credit. Plaintiff's claim that he was entitled to the specific proceeds of the check is not supported by any evidence, and is contrary to common knowledge concerning such transactions. I think, therefore, that the plaintiff's only cause of action at law was for money had and received, and that his allegations of fiduciary relations, misappropriation, and conversion were surplusage, so far as that cause of action was concerned. Segelken v. Meyer, 94 N. Y. 473, 484. It is thus apparent that the case

of Kavanaugh v. McIntyre, supra, is not an authority for the plaintiff's contention.

The only other ground upon which it can be argued that the liability of the defendants was unaffected by their discharge in bankruptcy is that the debt was created by their fraud, embezzlement, or misappropriation while acting in a fiduciary capacity; and it was probably with some idea that the defense of a discharge might be met before it was pleaded that the plaintiff alleged in his complaint that the defendants were his fiduciary agents. It was only proved, however, that they were his bankers and brokers, and while the relation between a broker and his customer, like any other relation of principal and agent or pledgor and pledgee, is of a fiduciary character, it does not come within the meaning of section 17 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]), which forbids the discharge of certain debts contracted by the bankrupt while acting in a fiduciary capacity. Lewis v. Shaw, 122 App. Div. 96, 106 N. Y. Supp. 1012, and cases cited.

I think the judgment appealed from was right, and that it should be affirmed, with costs.

GAVEGAN, J., concurs.

BRADY, J., concurs, on authority of 122 App. Div. 96, 106 N. Y. Supp. 1012, and that plaintiff's evidence is insufficient to show special instructions at time of making deposit.